IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Cromer,<br><br>                Petitioner,<br><br>vs.<br><br>McKither Bodison,<br><br>                Respondent. | C/A No. 0:09-2235-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Jeffrey Cromer ("Cromer"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (Docket Entry 14.) Following an extension of time, Cromer filed a response in opposition to the respondent's motion. (Docket Entry 21.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted.

**BACKGROUND**

Cromer was indicted in January 2001 in Lexington County for burglary in the first degree (2001-GS-32-217). (App. Vol. II at 607-08, Docket Entry 13-17 at 119-20.) Cromer was represented by Michael W. Chesser, Esquire, and on March 6, 8, 12-13 and 19-21, 2001, was tried by a jury and found guilty as charged. (App. Vol. II at 584, Docket Entry 13-17 at 96.) The circuit court sentenced Cromer to twenty-five years' imprisonment. (App. Vol. II at 319, Docket Entry 13-14 at 84.)

Cromer filed a direct appeal and was represented by Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense. On March 4, 2002, Pachak filed an final brief in which he

presented the following issue: "Whether the trial court erred in overruling defense counsel's objection to the solicitor's closing argument where he urged the jury not to victimize the victim again." (Docket Entry 13-1 at 4.) The State filed a final brief of respondent. (Docket Entry 13-2.) The South Carolina Court of Appeals affirmed Cromer's conviction. (State v. Cromer, 2002-UP-518 (S.C. Ct. App. Aug. 26, 2002), Docket Entry 13-3.)

Cromer filed a *pro se* application for post-conviction relief ("PCR") on November 6, 2002. (Cromer v. State of South Carolina, 02-CP-32-2895, App. Vol. II at 626-30, Docket Entry 13-18 at 6-10.) In his application, Cromer alleged the following:

1. Ineffective Assistance of Trial Counsel: trial attorney failed to fully investigate case; did not pursue defense required by 6th Amendment, USCA; was not fully prepared to go to trial; did not raise issues during suppression hearing.

2. Ineffective Assistance of Appellant [*sic*] Counsel: appellant counsel did not present meritorious issues to appeals court after being ask[ed] to.

3. Violation of Due Process: due to the aforementioned ineffective assistance of counsel, applicant was denied a fair trial and proper redress to court.

(App. Vol. II at 627, Docket Entry 13-18 at 7.) The State filed a return. (App. Vol. II at 631-36, Docket Entry 13-18 at 11-16.) On October 13, 2004, Cromer, through counsel Tommy A. Thomas, Esquire, amended his PCR application to include the following:

1. That the Applicant is informed and believes that after discovered evidence has been obtained that indicates there is a witness who was unknown and/or had information unknown at the time of trial.

(App. Vol. II at 637-38, Docket Entry 13-18 at 17-18.) On February 10, 2005, the PCR court held an evidentiary hearing at which Cromer was present and continued to be represented by Tommy A. Thomas, Esquire. (App. Vol. II at 639-724, Docket Entry 13-18 at 19-104.) By order dated September 24, 2007, the PCR judge denied Cromer's PCR application as to all issues raised. (App. Vol. II at 726-34, Docket Entry 13-18 at 106-14.)

Cromer, represented by Tommy A. Thomas, Esquire and Tricia A. Blanchette, Esquire, filed a petition for a writ of certiorari on January 22, 2008 in which he presented the following questions:

1. Whether appellate counsel rendered ineffective assistance of counsel when he failed to address the introduction of the Petitioner's three prior convictions to establish burglary in the first degree?

2. Whether appellate counsel rendered ineffective assistance of counsel when the appellate brief failed to address prejudicial comments made by the Solicitor and defense counsel's motion for a mistrial?

3. Whether appellate counsel rendered ineffective assistance of counsel when he failed to address the introduction of the redacted portions of the Petitioner's statement during cross-examination of the Petitioner?

(Docket Entry 13-5 at 3.) The State filed a return. (Docket Entry 13-6.) The South Carolina Supreme Court denied certiorari. (Docket Entry 13-7.)

## FEDERAL HABEAS ISSUES

In Cromer's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Cromer argues that trial courts decision to allow evidence of 3 prior burglary convictions and 1 felony in Florida (burglary) was in err.
   **Supporting Facts:** Petitioner was never afforded the opportunity to have the introduction of his convictions reviewed by an appellate court. Trial court repeatedly acknowledged the prejudicial impact - In PCR trial counsel explained: "It was improper for them to introduce 3 burglary convictions to support . . . . . they had already 2 aggravating circumstances.

**Ground Two:** Voluntariness of statement - use of statement was in err.
   **Supporting Facts:** Cromer argues he never gave a "voluntary confession," however, a "voluntary theory." Another specific fact to be told. Cromer got out of jail but put himself in prison in regards to statement. Cromer acknowledges that he did not steal from victim. Nor was he an active participant in the burglary. He retrieved information from Det. Quig, combined the information he knew, and came up with a theory to please Det. with future asst.

**Ground Three:** Solicitor's Misconduct throughout the trial - Solicitor's Closing.
   **Supporting Facts:** Numerous improper statements were made. Introducing inadmissible evidence. Constructively amending indictment. Judge questioning Solicitor's tactics; admonishing his "overkill" tactics on several occasions.

> **Ground Four:** Ineffective Assistance of Trial Counsel - Mistrial not successful.
> **Supporting Facts:** Trial Counsel wasn't prepared. Didn't successfully argue mistrial in suppression. Failed to successfully argue mistrial motion. Trial Counsel hired a non-licensed investigator failed to protect 4th amendment rights. Due to warrantless search and arrest. Officers arrested under mere suspicion.

(See Pet., Docket Entry 1) (errors in original).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow

the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

**1.      Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**2.      Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Ground One**

In response to the respondent's motion for summary judgment, Cromer states that he "strikes this issue from his habeas petition." (Docket Entry 21 at 5.) Therefore, the court will consider this ground withdrawn from consideration.

**D.     Ground Two**

In Ground Two, Cromer argues that a statement he gave was not voluntary and concedes that this freestanding issue was not presented to the state appellate courts on appeal. Therefore, this issue is procedurally barred unless Cromer can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Cromer appears to argue that his appellate counsel was ineffective in failing to raise this claim on direct appeal, thus constituting cause for its procedural default. (Docket Entry 21 at 5-7.) The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. See Murray v. Carrier, 477 U.S. 478 (1986). To establish cause for their default based upon ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984). However, " 'the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.' " Smith v. Murray, 477 U.S. 527, 535 (1986) (quoting Murray, 477 U.S. at 486-87). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (stating that the failure of counsel to present an issue on direct appeal must be exhausted in a collateral proceeding as a claim of ineffective assistance of counsel to establish cause for the default). While Cromer did exhaust a claim of ineffective assistance of appellate counsel in his PCR proceedings, he did not allege that appellate counsel was ineffective in failing to raise this particular claim. Cromer cannot attempt to circumvent the exhaustion requirements by raising both of these allegations for the first time in his federal habeas petition.

Thus, Cromer has failed to demonstrate ineffective assistance of appellate counsel as cause for procedurally defaulting on this claim. Accordingly, this claim is procedurally barred and Cromer is not entitled to habeas relief on Ground Two.

E.     **Ground Three**

In Ground Three, Cromer argues that the prosecutor conducted himself improperly throughout the trial by making numerous improper statements, introducing inadmissable evidence,

and constructively amending the indictment. The court observes that Cromer did not raise any allegations pertaining to prosecutorial misconduct in his PCR proceedings; therefore, to the extent that Cromer is raising a claim of prosecutorial misconduct, it would be procedurally barred from federal review. See Coleman, 501 U.S. at 750; Picard, 404 U.S. at 275-76. However, to the extent that Cromer seeks in this ground to assert the issue he raised on direct appeal, such a claim is properly exhausted. On direct appeal, Cromer alleged that the "trial court erred in overruling defense counsel's objection to the solicitor's closing argument where he urged the jury not to victimize the victim again." (Docket Entry 13-1 at 4.)

At trial, a statement written by Cromer was introduced into evidence in which Cromer admitted that he assisted in the robbery of the victim's house by acting as a lookout. (App. Vol. I at 298-301, Docket Entry 13-14 at 63-66.) The victim testified at trial that after Cromer's bond hearing, Cromer approached him and stated that he wanted the victim to know that he had acted as the lookout and the other two defendants who were involved were the ones who "stole [the victim's] stuff." (App. Vol. I at 390, Docket Entry 13-15 at 34.) During the trial, Cromer denied making that statement and denied that he participated in the robbery. Cromer testified that he drove to the victim's house intending to buy some tools; however, he did not realize that they were stealing these tools from this house because he thought that the house belonged to one of the others involved in the robbery. (App. Vol. I at 447-57, Docket Entry 13-15 at 91-102.)

During closing arguments, Cromer's counsel urged the jury to find that the victim's testimony concerning the Cromer's alleged statement was questionable for several reasons, and pointed out that the victim failed to reported that alleged statement until the week before trial. Counsel further argued, "I would suggest to you that when you have something like that, that is in effect a confession, and then somebody doesn't even talk about or mention it, the victim, who has

everything supposedly on the line in this case, doesn't even mention [it to] anybody, then you should question whether that statement was ever made." (App. Vol. II at 541-42, Docket Entry 13-17 at 53-54.) In the State's closing argument, it responded by stating, "[Trial counsel] said something about [the victim's] got something. What did he say? The victim has something on the line. No, sir. No, ma'am. He has nothing on the line in this case. He has been victimized. That can never be given back to him." (App. Vol. II at 552, Docket Entry 13-17 at 64.) Trial counsel objected to this statement under Rule 403 of the South Carolina Rules of Evidence and the court overruled the objection. See Rule 403, SCRE (providing that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). The State proceeded to argue,

> He has been victimized, ladies and gentlemen. Is there any doubt his house was broke into? Some of his personal items were stolen, things that can never be replaced. We all have them in our household, those things that have sentimental value to us. There was also things of monetary value that were never recovered. He has been victimized once, and no matter what the outcome of this trial, he can never get those things back. Ladies and gentlemen, I ask you not to victimize him again.

(App. Vol. II at 552-53, Docket Entry 13-17 at 64-65.) Trial counsel renewed his objection and again was overruled.

The South Carolina Court of Appeals, in considering this claim, noted the broad discretion vested in a trial judge in determining the propriety of a closing argument. The appellate court held that the applicable test is "whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (App. Vol. II at 625, Docket Entry 13-18 at 5.) Reviewing the trial court's decision for an abuse of discretion, the appellate court affirmed the conviction, finding that "[s]ufficient evidence of Cromer's guilt was presented at trial and the solicitor's comment did not result in the denial of due process to Cromer." (Id.)

Cromer argues that the state appellate court misapplied clearly established federal law in deciding this issue. The only United States Supreme Court case law that Cromer appears to argue that the state courts misapplied is Chapman v. California, 386 U.S. 18 (1967), and Berger v. United States, 295 U.S. 78 (1935). See 28 U.S.C. § 2254(d)(1) (stating that a writ for habeas corpus shall not be granted unless the state's judgment was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States"). After a thorough review of the record, the filings in this matter, and the cases relied on by Cromer, the court finds that Cromer cannot demonstrate that the South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim or that the Court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. 362, 410 (2000); 28 U.S.C. § 2254(d), (e)(1). Therefore, Cromer is not entitled to federal habeas relief on this ground.

**F.     Ground Four**

In Ground Four, Cromer alleges that trial counsel was ineffective for various reasons. As an initial matter, Cromer appears to have abandoned this issue by failing to address it in response to the respondent's motion for summary judgment. Nonetheless, upon review, the court finds that this claim is procedurally barred from federal habeas review. While Cromer raised numerous issues to the PCR court concerning the effectiveness of trial counsel, he failed to raise any of these issues on appeal to the state appellate courts. Therefore, this ground is procedurally barred unless Cromer can demonstrate cause and actual prejudice or that a fundamental miscarriage of justice will occur, which he has not alleged. See Coleman, 501 U.S. at 750; Picard, 404 U.S. at 275-76. Accordingly, Cromer is not entitled to habeas relief on Ground Four.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).