Jeffrey Cromer, )
)
   Petitioner, ) Case No. 0:09-cv-2235-RMG-PJG
)
v. ) **ORDER**
)
McKither Bodison, )
)
   Respondent. )
_____ )

This matter is before the court upon the magistrate judge's recommendation on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). No objections have been filed to the magistrate's report.

Absent a timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Wells v. Shriner's Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Petitioner did not file any specific, written objections, the Court need not conduct a *de novo* review of any portion of the report and recommendation. Accordingly, the Court hereby adopts the Magistrate Judge's R&R (Dkt. No. 22) as the Order of this Court, and it is

**ORDERED** Respondent's motion for summary judgment is **granted**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4 th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

October 2010
Charleston, South Carolina