IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 NOV -4 A 11: 54

| | |
|---|---|
| Jeffrey Cromer, )<br>Petitioner, )<br>)<br>v. )<br>)<br>McKither Bodison, )<br>Respondent. )<br>_____ ) | Case No. 0:09-2235-RMG<br><br>ORDER |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 22). Petitioner has filed objections to the R&R. (Dkt. No. 45). As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment. Petitioner has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate in opposition to the motion for summary judgment and relies in many places on the arguments contained in his opposition to summary judgment.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation

to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely rely on or rehash the same arguments presented in his return to Respondent's motion for summary judgment. (*See* Dkt. No. 21 *compare with* Dkt. No. 45).

Moreover, a thorough review of the Record reflects that Petitioner argues that a statement he gave was not voluntary and concedes that this freestanding issue was not presented to the state appellate courts on appeal. Thus, Petitioner cannot attempt to circumvent the exhaustion requirements by raising both of these allegations for the first time in his federal habeas petition. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). In addition, Petitioner cannot demonstrate that the South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim or that the Court made objectively unreasonable factual findings. *See Williams v. Taylor*, 529 U.S. 362, 410 (2000); 28 U.S.C. § 2254(d), (e)(1). Further, Petitioner did raise numerous issues to the PCR court concerning the effectiveness of trial counsel but he failed to raise any of these issues on appeal to the state appellate courts. Therefore,

this ground is procedurally barred unless Petitioner can demonstrate cause and actual prejudice or that a fundamental miscarriage of justice will occur and Petitioner has failed to demonstrate either. *See Coleman*, 501 U.S. 77, 750 (1991); *Picard*, 404 U.S. at 275-76.

Based on the above authority, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court finds that the issues Petitioner has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4 th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

November 4 , 2010
Charleston, South Carolina